# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**SHARON BURCH and MARY MARTINEZ,**

        **Plaintiffs,**

**-vs-**                                    **Case No. 6:09-cv-380-Orl-31DAB**

**DIGESTIVE AND LIVER CENTER OF FLORIDA, P.A., HARINATH SHEELA and SRINIVAS SEELA,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **JOINT MOTION TO APPROVE SETTLEMENT (Doc. No. 10)**
>
> **FILED:**     **March 19, 2009**
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED, in part**.

This cause came on for consideration upon referral by the District Judge to determine whether the proposed settlement is a "fair and reasonable resolution of a bona fide dispute" over Fair Labor Standards Act ("FLSA") issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations.

"When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Here, Plaintiffs Sharon Burch and Mary Martinez filed a complaint on February 26, 2009, alleging that they were owed unpaid overtime compensation (Doc. No. 1). Burch alleged that she was a billing coordinator, and Martinez alleged that she worked in the office as a scheduler, front office clerk and medical assistant. Both asserted that they were paid on an hourly basis, but were not paid appropriately for their overtime work. *Id.* Less than one month after filing the Complaint, and prior to the filing of an Answer, the instant motion was filed.

According to the motion, the parties have settled the action without compromise or diminishment of the total amounts owed to Plaintiffs. Under the terms of the settlement agreement (attached to the motion), Burch is to receive $1,150 for unpaid overtime, less required deductions, and $1,150 in liquidated damages and Martinez settled for $3,783.25 in unpaid overtime, less required

deductions, and a like amount in liquidated damages. As full recompense is inherently fair and reasonable, the Court **recommends** approval of these amounts.

The settlement agreements also reflect that compensation will be paid to Plaintiffs' counsel in the following amounts: $1,500 to counsel for attorney's fees and costs for Plaintiff Burch's claim and $3,933.50 to counsel for fees and costs, with respect to Plaintiff Martinez's claim. Thus, counsel stands to gain well over $5,000 for what appears to be a minimal amount of work in this case, which has been pending less than a month and which involved no significant record activity. Counsel has presented no time sheets or affidavits setting forth and justifying the amount of hours expended or the hourly rate charged, and there is no evidence before the Court sufficient to evaluate whether this fee is reasonable.

On the other hand, the parties have stipulated to the reasonableness of the proposed fees and the Court's interest in policing the fairness of compensation to counsel is implicated only to the extent the compensation affects Plaintiff's ultimate net recovery. *See Silva v. Miller,* 2009 WL 73164 (11th Cir. 2009) (unpublished). As each Plaintiff is receiving complete compensation here, the willingness of a Defendant to pay a fee above and beyond that which the Court might award is curious but, ultimately, not the Court's concern. As Plaintiffs' interest is protected and the Court cannot make a finding on this record that payment of attorney's fees in this amount is "reasonable," it is **recommended** that the District Court make no finding with respect to this portion of the settlement, and leave the parties to their own devices.

For the above reasons, the Court **recommends** granting the motion, in part, approving the settlement to the extent it addresses compensation to Plaintiffs for FLSA claims, and dismissing the action with prejudice.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 20, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy